**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT B. PERKINS,**

**Plaintiff,** **CIVIL ACTION NO. 10-12838**

**v.** **DISTRICT JUDGE JULIAN ABELE COOK**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**
______________________________/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION: Both Plaintiff's and Defendant's Motions for Summary Judgment should be DENIED, and the case REMANDED to the Commissioner for further proceedings, to include vocational expert testimony, in order determine whether alternative jobs existed in the national economy prior to September 4, 2007, that claimant could perform given the side-effects from his narcotic pain medications.**

*** * ***

**Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on September 6, 2006, alleging that he had become disabled and unable to work on June 15, 2002[1], at age 49, due to severe low back pain. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on August 7,**

**[1]Claimant later amended his alleged onset date of disability to May 19, 2004 (TR 20).**

2008, before Administrative Law Judge (ALJ) Dean C. Metry. The ALJ found that the claimant retained the residual functional capacity to perform a full range of light work prior to September 4, 2007. The Law Judge relied on the Medical-Vocational Guidelines (Rule 202.14) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform prior to September 4, 2007.

Plaintiff celebrated his 55th birthday on May 5, 2008, and was considered to be approaching advanced age for Social Security disability purposes. The ALJ relied on Rule 202.06 of the Medical-Vocational Guidelines to conclude that he was disabled after September 7, 2007[2]. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits prior to September 2007. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 55 years old at the time of the administrative hearing. He had been graduated from high school, and had been employed as a cloth printer during the relevant past (TR 14-15). As a cloth printer, he did a great deal of standing. He had to constantly bend down and reach over his head. He was required to lift about 50 pounds on a regular basis (TR 38).

---

[2]The ALJ noted that "although the claimant turned 55 on May 5, 2008, the regulations provide that age categories are not mechanically applied on borderline situations such as the instant case". (TR 15).

**Claimant stopped working in June 2002, due to severe back pain (TR 25).**

**Despite undergoing three epideral injections for his back pain (TR 368, 373), Plaintiff alleged that he remained disabled due to severe back pain (TR 25). The back pain allegedly prevented him from sleeping throughout the night, and he claimed that was unable to perform any pushing or pulling (TR 26). Given his back discomfort, Plaintiff estimated that he could stand for perhaps 15 minutes before needing to sit or lie down (TR 27). Pain medications, including morphine, proved ineffective. (TR 28-29). He allegedly had to lie down for several hours each day in order to relieve the chronic pain (TR 278). The pain medications interfered with his concentration, and he was unable to read books or drive an automobile (TR 34).**

**A Vocational Expert, Luann Castellana, classified Plaintiff's past work as light to medium, skilled activity (TR 38). The Vocational Expert was not asked whether jobs existed in the national economy for claimant to perform given his known functional limitations.**

**LAW JUDGE'S DETERMINATION**

**The Administrative Law Judge found that Plaintiff was impaired as result of chronic sore back, degenerative disc disease, mild chronic obstructive pulmonary disease and a bulging left foraminal disc, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. Despite these impairments, the ALJ**

**determined that the claimant retained the residual functional capacity to perform a full range of light work activity prior to September 4, 2007. The Law Judge relied on the Medical-Vocational Guidelines (Rules 202.14) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform prior to September 4, 2007. When Plaintiff neared his 55th birthday, and was classified as "a person closely approaching advanced age", the ALJ used the Medical-Vocational Guidelines (Rule 202.06) to conclude that he was disabled and entitled to benefits after September 4, 2007.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v.

**Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6 th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original). If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[3] for additional fact finding.**

**DISCUSSION AND ANALYSIS**

**I am persuaded that substantial evidence does not exist on the record that Plaintiff remained capable of performing a full range of light work activity prior to September 4, 2007. I further conclude that the Law Judge failed to sustain his burden of proving that substantial numbers of specific jobs accommodating claimant's known restrictions existed in the national economy from May 19, 2004, the alleged onset date of disability, through September 4, 2007, when he was granted SSI benefits. Specifically, the Law Judge erroneously applied the Medical Vocational Guidelines ("the grid") in reaching a conclusion of non-disability during that period. He applied Rule 202.14, Subpart P of Appendix 2, which directs a conclusion that a claimant who is capable of performing**

---

**[3]Sentence four of 42 U.S.C. 405(g) states:**

> **The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.**

**a full range of light work is not disabled. Application of the grid in the instant case was erroneous because claimant suffers from significant non-exertional limitations[4] resulting from his degenerative disc disease that prevented him from performing a full range of work activity during the relevant period.**

**In Kirk v. Secretary, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983), the Sixth Circuit held that application of the grid was appropriate only when the components of the grid precisely matched the claimant's condition. The grid is not fully applicable when the claimant suffers from nonexertional limitations, the effects of which are not incorporated by the grid.**

**The mere allegation of a nonexertional impairment is not sufficient to preclude application of the grid. "Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level." (emphasis added) Kimbrough v. Secretary, 801 F.2d 794, 796 (6th Cir. 1986) (per curiam); see also Cole v. Secretary, 820 F.2d 768 (6th Cir. 1987). "By the use of the phrase 'significantly diminish' we mean the additional loss of work capacity beyond a negligible one or, in other words, one that**

---

**[4]Non-exertional impairments are defined as "certain mental, sensory or skin impairments" or "impairments [which] result solely in postural and manipulative limitations or environmental restrictions". 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e). Difficulties performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling and crouching are also considered to be non-exertional limitations according to Social Security regulations. 20 C.F.R. §1569a(c)(vi) (2007). Moreover, the residual functional capacity evaluation must take into account the side effects of medication on a person's ability to perform substantial gainful activity. Social Security Ruling SSR-96-8p**

**so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." Bapp v. Bowen, 802 F.2d 601, 606 (2d Cir. 1986) (footnote omitted).**

**The medical evidence of record prior to September 4, 2007, supports Plaintiff's allegations that he experienced severe back pain that has required strong medications to help ease his discomfort. The medical record reveals that the exact medications have changed over time, but the list as of March 2007 contained 15 different drugs, including morphine (TR 413-414). The claimant has consistently told his treating physicians that the pain medications caused significant memory and concentration problems (TR 34-36, 127-135). The specific side effects from the drugs were also described in a report he submitted to the Social Security Administration (SSA), which includes "sleepy, confusion, drowsy, dry mouth, sleep, weak and forgetful." (TR 141). He also told the SSA in a Function Report that he needed help remembering to take his medication (TR 129), that he cannot handle money due to confusion caused by the medications (TR 130-131), and that his attention span was only a few minutes long (TR 132). Likewise, the Disability Report he submitted to the SSA informed them that his "meds make me forget to do a lot of things", and that "the meds make me drowsy." (TR 142).**

**The ALJ found that the medical record did not demonstrate that his pain was severe enough to prevent him from performing a full range of light work prior to September 4, 2007. However, the ALJ failed to address the debilitating effects of the powerful pain medications that he needed to take to help alleviate his chronic**

**back pain. The side effects of the narcotics taken by the claimant are commonly known. In fact, the state agency medical consultant determined that Plaintiff was not able to perform a full range of light work, given his postural limitations (TR 316). The restrictions found by the state agency consultant constituted non-exertional impairments that entitled Plaintiff to a non-guideline determination.**

**The ALJ must have taken the agency consultant's finding into consideration when he determined that the claimant was no longer able to return to his past skilled job a graphic design cloth printer (classified by the VE as light to medium work activity) (TR 14). By doing so, however, the Law Judge indirectly acknowledged that Plaintiff had certain non-exertional limitations that precluded the performance of a full range of light work.**

**The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner. 42 U.S.C. § 405(g) (1982). This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim. See <u>Carroll v. Califano</u>, 619 F.2d 1157, 1162 (6th Cir. 1980). Because claimant could not perform a full range of light work prior to September 2007, his characteristics did not precisely fit the pattern of the medical vocational guidelines and the ALJ was required to make a nonguideline determination. <u>Kirk</u>, 667 F.2d at 531. Therefore, I am persuaded that this case should be remanded to the Commissioner**

**for further proceedings, to include vocational expert testimony as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy prior to September 4, 2007.[5]**

**The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS , 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.**

---

**[5]In the alternative, Plaintiff argues for a remand due to the ALJ's apparent error in relying exclusively on the Medical-Vocational guidelines, given his mental limitations (See argument E at page 19 of Plaintiff's Motion for Summary Judgment). This would preclude a judicial award of benefits, as Plaintiff expressly acknowledges that there must be further determination of his disability (See page 20 of Motion for Summary Judgment).**

**Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.**

**s/ Mona K. Majzoub**
**MONA K. MAJZOUB**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: July 22, 2011**