UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT B. PERKINS,

        Plaintiff,

v.                                Case No. 10-12838
                              Honorable Julian Abele Cook, Jr.

COMMISSIONER OF
SOCIAL SECURITY

        Defendant.

## ORDER

This case involves a complaint by the Plaintiff, Robert B. Perkins, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). Now pending before the Court are the motions for summary judgment that the parties have filed pursuant to Federal Rule of Civil Procedure 56. Magistrate Judge Mona K. Majzoub, to whom the parties' motions for summary judgment were referred for an evaluation, submitted a report on July 22, 2011, in which she recommended that the Court (1) deny both motions for summary judgment, and (2) remand this case to the Commissioner for further proceedings. As of this date, neither party has expressed any objections to Magistrate Judge Majzoub's report. For the reasons that have been set forth below, the Court adopts the report, including the recommendations, of Magistrate Judge Majzoub in its entirety.

I.

1

On September 6, 2006, Perkins filed applications for disability insurance benefits and supplemental security insurance, claiming that he had sustained a disability (i.e., severe low back pain) which is compensable under the Social Security Act. He subsequently amended the claimed disability onset date from June 15, 2002, to May 19, 2004. As of the amended date of onset, Perkins was fifty-one years old, and had utilized his college education to work as a cloth printer.

When his application was initially rejected, he sought and obtained a *de novo* hearing before an administrative law judge who, in rendering a decision on September 23, 2008, determined that Perkins was not a disabled person within the meaning of the Social Security Act. After acknowledging that he has suffered, and continues to suffer, from several severe physical impairments - to wit, a sore back, degenerative disc disease, bulging disc (left foraminal incursion), and mild chronic obstructive pulmonary disease - the administrative law judge determined that Perkins did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments." The administrative law judge also concluded that Perkins possessed the residual functional capacity to perform the full range of light work. This range precluded him from pursuing his past work as a cloth printer, which required medium exertion. Finally and based upon the application of the Medical-Vocational Guidelines ("the Grid"), 20 C.F.R., Part 404, Subpart P, Appendix, 2, the administrative law judge opined that, when consideration is given to his residual functional capacity, as well as such other significant factors as age, education, and work experience, Perkins was able to perform a significant number of jobs that are available in the national economy.[1] Medical-Vocational Rule 202.14. Thus, the administrative law judge ultimately

---

[1] Perkins attained the age of fifty-five on May 5, 2008. However, noting that "the regulations provide that age categories are not mechanically applied on borderline situations such as the instant case," (Tr. 15), the administrative law judge concluded that Perkins' age category changed from "closely approaching advanced age" to "advanced age" on September 4,

concluded that Perkins did not suffer a compensable disability under the Social Security Act prior to September 4, 2007. This decision became the final decision of the Commissioner on May 14, 2010, when the Appeals Council denied Perkins's request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Thus, the reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an evaluation of the record only. Thus, a court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

III.

In his appeal to this Court, Perkins asserts that the decisions from this administrative law judge in this case were erroneously resolved because (1) the adverse effects of his pain medications were not properly considered; (2) substantial evidence does not support the conclusions regarding

---

2007. Application of the grid dictated that, from that day forward, Perkins had become disabled. Medical-Vocational Rule 202.06. However, this finding resulted in a denial of disability benefits because his last insured date was June 30, 2007. However, he is eligible for supplemental security income.

his ability to perform light work at any time after the alleged onset date of his disability; (3) the opinion from the state agency medical expert was disregarded without adequate explanation; (4) the obligatory credibility assessment of his symptoms, as found in SSR 96-7p, was inadequately explored; and (5) the Grid was improperly relied upon in this case.

Inasmuch as these claims of error are all interrelated, the Court will consider them all simultaneously.

Magistrate Judge Majzoub opined - and the Court agrees - that substantial evidence in the record does not support the determination by the administrative law judge that Perkins could perform the full range of light work activities. This conclusion, in turn, compels a determination that the administrative law judge erred in relying upon the Grid because its application is appropriate only if the claimant's condition precisely matches the components of the Grid. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).

The conclusion of the administrative law judge that Perkins could perform the full range of light work is not supported by the record. The medical evidence indicates that Perkins experienced severe back pain (radiating down his legs to his calves) that did not respond well to any of the treatment interventions that were tried by him over a period of several years. For example, in addition to being placed on several powerful pain medications (including morphine, Gabapentin, and Hydrocodone), Perkins was given three epidural steroid injections, walked with the assistance of a cane, and had tried physical and massage therapy without success.

Perkins's testimony and self-reports are consistent with the medical evidence. For example, Perkins asserted that, as a result of his pain, he cannot do a variety of normal activities such as bending to dress himself, bathing without assistance, performing yard work, and preparing his meals because of an inability to stand for an extended period of time. Moreover, Perkins

complained that his medications caused him to suffer significant side effects, including loss of memory/concentration problems and drowsiness. He stated that, due to these side effects, he is unable to handle money and pay his bills, his attention span is only a few minutes long and he can therefore no longer read books, he no longer drove an automobile due to lack of concentration, and he needs help in remembering to take his medication.

After reviewing his file, the state agency medical consultant concluded that Perkins should have the following non-exertional restrictions placed upon him; to wit, (1) a prohibition against climbing ladders or scaffolds, (2) only occasional stooping, kneeling, crouching, or crawling, and (3) avoiding exposure to all hazards such as machinery and heights. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e) (non-exertional limitations include, *inter alia*, postural and environmental limitations).

The evidence that the administrative law judge relied upon in rejecting the significance of this evidence was insubstantial and, in some cases, not even directly relevant to the claimed disability. For example, after reciting a series of positive tests, the administrate law judge noted that Perkins nevertheless had normal muscle mass and strength. (Tr. 13; *see also* Tr. 14 (treating evidence that Perkins had normal reflexes and muscle strength as evidence that he could perform full range of light work)). Yet Perkins did not complain of any weakness or muscle loss. He complained of severe pain - a complaint that was supported by the results of medical tests and the treatment options pursued by him. As for the side effects of the medication, the administrative law judge perfunctorily dismissed them, stating only that "there is nothing in his treatment records to support his contention. The record shows that [he] does not drive, but he takes public transportation to his appointments, which is inconsistent with his allegation." (Tr. 14). Yet the fact that Perkins ceased driving and relied upon public transportation as an alternative measure supports - rather than

undermines - his allegations of concentration problems. Moreover, as Magistrate Judge Majzoub correctly noted, the exact side effects that Perkins claims are common and well-known side effects of these powerful pain medications, and it is not surprising that these common occurrences were not noted in the treatment notes.

It appears that the administrative law judge found that Perkins' allegations were not credible by seemingly ignoring relevant evidence and relying upon irrelevant evidence to support his conclusions. This runs counter to the obligations imposed by 20 C.F.R. § 404.1529(c)(3) (listing factors to be considered in making credibility determination) and SSR 96-7p ("Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record . . . . An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.").

Because the administrative law judge relied on insubstantial and sometimes irrelevant evidence (while discounting without any adequate explanation evidence that was (1) contained in the medical records and (2) provided by Perkins and the medical consultant regarding the limiting effects of the back pain and the side effects of the medications), his determination that this claimant could perform the full range of light work is not supported by substantial evidence. Moreover, because Perkins was unable to perform the full range of light work, his condition did not precisely match the Grid. Thus, the administrative law judge improperly relied on the Grid in determining that Perkins could perform a substantial number of jobs that are available in the national economy. *Kirk*, 667 F.2d at 535. Because a non-Grid determination is required, this case

will be remanded so that the opinion of a vocational expert witness may be taken in order to determine if such jobs existed prior to September 4, 2007.

IV.

For the reasons that have been outlined above, the Court adopts the report of Magistrate Judge Majzoub. In so doing, the Court (1) denies both of the parties' motions for summary judgment, and (2) remands this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as described herein.

IT IS SO ORDERED

Date: September 30, 2011     s/Julian Abele Cook, Jr.
                             JULIAN ABELE COOK, JR.
                             U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2011

s/ Kay Doaks
Case Manager